# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE LONDON,<br><br>Petitioner,<br><br>v.<br><br>J. GASTELO,<br><br>Respondent. | No. 2:18-CV-0170-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (ECF No. 18). For the reasons discussed below, the court finds the pending petition for a writ of habeas corpus is untimely, and will recommend dismissal.

## I. BACKGROUND

On May 24, 2000, a jury found petitioner guilty of being a felon in possession of a firearm and ammunition. See ECF No. 19 (state court record, lodged on January 18, 2019). The trial court found true the allegations that petitioner had two prior serious felony convictions and had served five prior prison terms. See id. Petitioner was sentenced to an indeterminate state prison term of 25 years to life, plus five years for the prior prison term counts. See id. The California Court of Appeal affirmed on December 20, 2001, and the California Supreme Court

1

denied direct review on March 13, 2002.

Petitioner then filed a series of post-convictions actions related to this conviction and sentence. On August 26, 2013, the Yuba County Superior Court found petitioner ineligible for resentencing. See ECF No. 19. On July 26, 2016, the California Court of Appeal affirmed this decision. See id. On October 12, 2016, the California Supreme Court denied review. See id.

## II. DISCUSSION

In his motion to dismiss, respondent argues that the pending petition is untimely because it was filed beyond the one-year limitations period.[1] Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly- recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the

---

[1] Respondent also argues petitioner's claims related to re-sentencing fail to state a cognizable federal habeas claim. Because the court finds the petition untimely, it is not necessary to address this contention.

2

conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period.

See Nino, 1983 F.3d at 1006-07.

Giving petitioner the benefit of all possible tolling, the one-year limitations period began to run when the California Supreme Court denied review on October 12, 2016. The docket reflects the instant federal habeas petition was signed on December 28, 2017, and filed on January 18, 2018. Because both dates are more than one year after October 12, 2016, the petition is untimely and must be dismissed.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (ECF No. 18) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE